UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ECOGEN, LLC,

                                          Plaintiff,

                                                                             DECISION AND ORDER

                                                                             06-CV-6196L

                                          v.

TOWN OF ITALY, et al.,


                                          Defendants.
_____

       Plaintiff, Ecogen, LLC ("Ecogen"), commenced this action under 42 U.S.C. § 1983, seeking relief from a moratorium ("the Moratorium") enacted by the Town of Italy (N.Y.) Town Board ("the Board"), which, for the duration of the moratorium prohibited the "construction or erection of wind turbine towers, relay stations and/or other support facilities in the Town of Italy."  On July 11, 2006, the Court issued a Decision and Order, 438 F.Supp.2d 149, denying Ecogen's motion for a preliminarily injunction against enforcement of the Moratorium, and granting defendants' motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

       Defendants, who include the Town of Italy ("the Town" or "Italy"), the Town supervisor, and the Board, have now moved as prevailing parties for attorney's fees and costs of about $79,000, pursuant to 42 U.S.C. § 1988.  Ecogen opposes the motion.

**DISCUSSION**

**I. Attorney's Fees to Prevailing Defendants:  General Standards**

Awarding fees to a prevailing defendant in a § 1983 action is not mandatory; rather, such an award may be made in the discretion of the court.  *See* 42 U.S.C. § 1988(b) ("In any [civil rights action under] ... this title, ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs").  In exercising that discretion, the Court must remain cognizant that this fee-shifting statute serves a different purpose depending on whether the plaintiff or defendant happens to be the prevailing party.  Awards to prevailing plaintiffs are more common, both because a successful civil rights plaintiff has vindicated an important federal policy, and, conversely, because the defendant in such a case has violated federal law.  *See LeBlanc-Sternberg v. Fletcher*, 143 F.3d 765, 769 (2d Cir. 1998) (explaining rationale behind policy of "routinely" awarding fees to prevailing plaintiffs in civil rights actions).

In contrast, an award of attorney's fees in favor of a prevailing *defendant* is appropriate "only when the plaintiff's 'claim was frivolous, unreasonable, or groundless, or the plaintiff continued to litigate after it clearly became so.'" *Parker v. Sony Pictures Entertainment, Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)).  "Application of this standard is entrusted to the discretion of the district court ... ." *Parker*, 260 F.3d at 111.

**II. Whether Defendants Are "Prevailing Parties"**

The first issue before the Court is whether defendants should be considered "prevailing part[ies]" under § 1988. Although familiarity with the Court's prior decision is assumed for purposes of the present Decision and Order, some review of that prior decision is required before analyzing this issue.

In my July 11 Decision and Order, I held that "plaintiff has not stated a valid claim that the Moratorium is invalid on its face." 438 F.Supp.2d at 158. Stating that the Court was "not able to say that [the Moratorium] is so arbitrary or irrational as to violate plaintiff's substantive due process rights," *id.*, I concluded that "plaintiff's facial challenge must fail," and granted defendants' motion to dismiss that claim pursuant to Rule 12(b)(6).

In addition, I held that to the extent that Ecogen's claim could be read as raising as "as applied" challenge to the Moratorium, it was not ripe for review because Ecogen had not applied for a "hardship exception" to the Moratorium. *Id.* at 160-61. I therefore concluded that the Court lacked subject matter jurisdiction over such a claim. Recognizing, however, that "significant hardships occasioned by governmental delay in acting can warrant judicial intervention, even if the plaintiff has not obtained a final decision on its application," *id.* at 162 (citing *Gilbert v. City of Cambridge*, 932 F.2d 51, 61 (1st Cir.), *cert. denied*, 502 U.S. 866 (1991)), I dismissed the claim without prejudice, with the proviso that if defendants failed either to enact a comprehensive zoning plan, or to render a decision on any application by Ecogen for a hardship exception within ninety days, plaintiff would be allowed to refile its complaint and seek injunctive relief in this Court. *Id.* at 162-63.

With respect to Ecogen's as-applied challenge, defendants are not entitled to a fee award under § 1988. For one thing, my finding that the matter was not ripe for review meant that the Court lacked subject matter jurisdiction over Ecogen's as-applied challenge. *See United States v. Quinones*, 313 F.3d 49, 58 (2d Cir. 2002) ("courts 'do not have subject matter jurisdiction to address unripe claims'") (quoting *Cheffer v. Reno*, 55 F.3d 1517, 1523 (11th Cir. 1995)), *cert. denied*, 540 U.S. 1051 (2003). The Second Circuit has held that "[w]here there is no subject matter jurisdiction to proceed with the substantive claim, as a matter of law '[t]hat lack of jurisdiction bar[s] an award of attorneys fees under section 1988.'" *W.G. v. Senatore*, 18 F.3d 60, 64 (2d Cir. 1994) (quoting Keene Corp. v. Cass, 908 F.2d 293, 298 (8th Cir. 1990)); *see, e.g.*, *McGinty v. City of New York,* 251 F.3d 84, 100 (2d Cir. 2001) ("where we lack subject matter jurisdiction, we also lack jurisdiction to award attorney's fees"); *Saba v. City of Farmington*, No. 4:05CV2000, 2006 WL 1109405, at *1 (E.D.Mo. Apr. 24, 2006) ("Plaintiffs' complaint was dismissed for lack of subject matter jurisdiction because the claims were not ripe for judicial determination. This precludes an award of attorney's fees").

Furthermore, "[i]n the context of fee-shifting statutes, the Supreme Court has held that, for a party to be 'prevailing,' there must be a 'judicially sanctioned change in the legal relationship of the parties.'" *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101 (2d Cir. 2006) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 605 (2001)). Dismissals for lack of subject matter jurisdiction, or dismissals without prejudice in general, typically do not meet that test. *See id.* at 103 (citing *Citizens for a Better Environment v. Steel Co.*, 230 F.3d 923, 929-30 (7th Cir. 2000) (noting that "[s]ometimes victory on a jurisdictional point" such as where a defendant persuades the court that "the plaintiff has sued too soon, ... merely

- 4 -

prolongs litigation ... and it remains to be seen who will prevail"), and *Szabo Food Serv. Inc. v. Canteen Corp.*, 823 F.2d 1073, 1076-77 (7th Cir. 1987) (holding that defendant was not "prevailing party" where complaint was dismissed without prejudice because "dismissal without prejudice ... does not decide the case on the merits ... [–t]he defendant remains at risk"), *cert. dismissed*, 485 U.S. 901 (1988)); *see also Keene Corp. v. Cass*, 908 F.2d 293, 298 (8th Cir. 1990) ("To be a prevailing party [for purposes of § 1988], a party must succeed on some claim or significant issue in the litigation which achieves some benefit the parties sought ... . Where a complaint has been dismissed for lack of subject matter jurisdiction, the [d]efendant has not prevailed over the plaintiff on any issue central to the merits of the litigation") (internal quotation marks and citations omitted); *Sellers v. Local 1598, Dist. Council 88, Am. Fed'n of State, County, & Mun. Employees*, 614 F.Supp. 141, 144 (E.D.Pa. 1985) (defendant cannot be considered a "prevailing party" when a complaint is dismissed for lack of jurisdiction because the defendant has not prevailed over the plaintiff on any issue that is fundamental to the action), *aff'd*, 810 F.2d 1164 (3d Cir. 1987)).

  To the extent that the Court held that Ecogen had not stated a valid facial challenge to the Moratorium, however, I believe that defendants did "prevail." In opposition to defendants' motion for fees, Ecogen contends that the dismissal of its facial challenge "was conditional and without prejudice." Plaintiff's Mem. of Law (Dkt. #58) at 5. That is incorrect. A careful reading of my prior Decision and Order makes clear that it was the *as-applied* challenge that was dismissed without prejudice. The gist of my decision was that, if defendants allowed the Moratorium to remain in effect for too long, plaintiff's claim would become ripe even if Ecogen did not apply for

a hardship exception.  *See* 438 F.Supp.2d at 161-62.[1]  I clearly held, though, that "plaintiff has not stated a valid claim that the Moratorium is invalid on its face."  *Id.* at 158.  To that extent, then, I believe that defendants can properly be considered "prevailing parties."

### III. Whether a Fee Award is Warranted

I also conclude, however, that defendants are not entitled to an award of attorney's fees in this case.  Although the Court found that plaintiff had failed to state a cognizable claim that the Moratorium was facially invalid, I do not believe that plaintiff's claim was "frivolous, unreasonable, or groundless, or [that] plaintiff continued to litigate after it clearly became so."  *Parker*, 260 F.3d at 111.

The mere fact that, as defendants point out, "[t]his Court found that Ecogen's Complaint was without merit when filed," Defendants' Reply Mem. of Law (Dkt. #60) at 4, means little.  Virtually every dismissal under Rule 12(b)(6) implies that the complaint was meritless "when filed."  I do not, however, believe that the complaint here was so obviously without merit that it could be characterized as frivolous or utterly groundless.  Indeed, though I found, under the deferential standards applicable to such challenges, that plaintiff had not carried its "heavy burden 'to negative every conceivable basis which might support' the Moratorium," 438 F.Supp.2d at 158 (quoting *Heller v. Doe*, 509 U.S. 312, 320 (1993)), I also noted that the Moratorium could be considered to have some "shortcomings," and that "[i]t may be that defendants' means of attaining [their purposes

---

[1] That plaintiff is confusing the facial and as-applied challenges is made evident by its statement that "Defendants have received no judicial relief other than a favorable statement of the law on the issue of Plaintiff's facial challenge to the Moratorium under the current facts." Plaintiff's Mem. of Law at 6.  A facial challenge, however, is made without regard to "the current facts."

in enacting the Moratorium] are not the most efficacious, wisest or fairest possible ... ." *Id.* at 158, 159.

I also do not find that plaintiff acted unreasonably in bringing this action, or that Ecogen continued to litigate after it became clear that its claims were meritless. Though defendants assert that Ecogen "attempted to blackmail" them by "threaten[ing]" to bring a lawsuit if the Town went ahead with the Moratorium, I do not believe that Ecogen's alleged threat of litigation is indicative of bad faith or an improper purpose on its part. It is neither uncommon nor necessarily improper to warn a party that its actions may precipitate a lawsuit, to give that party a chance to rethink its course of conduct and possibly avoid litigation. I see nothing improper in Ecogen's actions here.

Likewise, though defendants contend that their counsel pointed out to Ecogen that its claims were not ripe, Ecogen's continued pursuit of those claims does not warrant a fee award to defendants. For one thing, the ripeness issue related to the as-applied challenge, as to which I have found that defendants are barred from seeking fees. In any event, this issue was not so clear-cut as to support a finding that Ecogen continued to litigate this case after it became clear that its claims lacked merit. As the Court noted in its prior decision, "[t]here [wa]s obviously some hostility toward the project" on the part of at least some of the defendants, 438 F.Supp.2d at 161, even if it was not *so* patently clear that no hardship exception would be granted as to excuse the necessity for making such an application on the ground of futility.

**CONCLUSION**

Defendants' motion for an award of attorney's fees and costs under 42 U.S.C. § 1988 (Dkt. #50) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 14, 2006.